```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
MICHAEL DARAGJATI,                                         :
                                                           :   DECISION AND ORDER
                            Petitioner,                    :
                                                           :   13-cv-3751 (WFK)
            -against-                                      :
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
                            Respondent.                    :
                                                           :
-----------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge**

On January 24, 2012, Michael Daragjati ("Petitioner"), a former officer of the New York City Police Department, pleaded guilty to attempted extortion, in violation of 18 U.S.C. § 1951(a), and violating an individual's civil rights, in violation of 18 U.S.C. § 242. Dkt. No. 13, Ex. A (Tr. of Guilty Plea Hearing held on January 24, 2012) and Ex. B (Plea Agreement). Five months later, on June 22, 2012, this Court sentenced Petitioner to forty-eight months of imprisonment on the extortion charge, followed by a consecutive sentence of nine months of incarceration on the civil rights charge. *Id.*, Ex. C (Tr. of Sentencing on June 22, 2012) at 54:9–12. In addition, this Court sentenced Petitioner to three years of supervised release to follow his term of imprisonment, as well as a special assessment of $125. *Id.* at 54:12–15.

On July 1, 2013, Petitioner filed a petition pursuant to 28 U.S.C. § 2255, moving this Court to vacate his sentence on the ground that his counsel were constitutionally ineffective. Dkt. No. 1. On November 21, 2013, Petitioner filed a response in further support of his petition, which was signed on November 18, 2013 and entered on this Court's docket on December 4,

1

2013. Dkt. No. 17. Petitioner alleges his counsel failed to (1) move this Judge to recuse himself; (2) object to statements by this Court at sentencing; (3) investigate the contents of Petitioner's Civilian Complaint Review Board ("CCRB") file; and (4) file a notice of appeal. *Id.*

Petitioner alleges his counsel were ineffective because they failed to, *inter alia*, move this Judge to recuse himself due to his prior service on the CCRB, a governmental body that investigates complaints against the police and which had previously investigated Petitioner. *Id.* at 31–35; Tr. of Sentencing at 49:24–50:4. However, this Judge did not participate in the investigation of any CCRB complaint involving the Petitioner. Nor did this Judge vote on any complaint against the Petitioner. Accordingly, no recusal was necessary or required, and any recusal motion by Petitioner's counsel would have been denied.

Petitioner further alleges his counsel were ineffective because they informed him that he could not appeal the Court's sentence due to the appellate waiver contained in Petitioner's plea agreement, and declined to file an appeal when he instructed them to do so. Dkt No. 1 at 41–43, Dkt. No. 17 at 1–3. Petitioner claims the appellate waiver in his plea agreement was ineffective because he did not understand the waiver or the consequences of the waiver. *Id.* at 28–31. This argument flies directly in the face of Petitioner's assertions to this Court at the Guilty Plea Hearing that Petitioner had read and understood the plea agreement. Tr. of Guilty Plea Hearing at 20:21–24. The Government also explicitly noted during the Guilty Plea Hearing, and prior to Petitioner's plea, that the plea agreement contained an appellate waiver provision prohibited Petitioner from appealing any sentence of sixty-three months or below. *Id.* at 24:14–19. The written record and oral allocution establish beyond doubt the knowing waiver of rights by Petitioner. Consequently, Petitioner had no right to appeal his sentence and *de novo* sentencing is unwarranted in this case.

2

Petitioner's remaining arguments, as articulated in both his opening petition and his response, similarly lack merit. Petitioner's counsel, Eric Franz and Ronald P. Fischetti, are two of the most distinguished, experienced, and ethical defense counsel in New York. This Court observed their representation of Petitioner, which was consistently excellent and effective. Petitioner's claims for ineffective assistance of counsel are without foundation, and his petition to vacate his sentence is DENIED in its entirety.

**SO ORDERED**

Dated: Brooklyn, New York
      December 5, 2013

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge