FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 13 2014 ★

BROOKLYN OFFICE

APPEAL NO:_____

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

IN RE: MICHAEL DARAGJATI,

    Petitioner.

---

PETITION FOR THE ISSUANCE OF A WRIT OF MANDAMUS
TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

(FED. R. APP. P. 21)

---

MICHAEL DARAGJATI
79644-053
FEDERAL SATELLITE LOW ELKTON
P.O. BOX 10
LISBON, OHIO 44432

pro se Petitioner

## CORPORATE DISCLOSURE FORM

The Petitioner is an adult male who has no affiliation with a publicly-held entity of any kind. Moreover, to the best of the Petitioner's knowledge, the Respondent is not a publicly-held entity.

_12/30/13_

Date

Michael Daragjati

i

## CERTIFICATE OF INTERESTED PARTIES

### AFFECTED COURT ACTION

The District Court action from which this Petition arises is styled <u>Michael Daragjati v. United States of America</u>, and is proceeding in the United States District Court in and for the Eastern District of New York, and bears a case number of 13-CV-3751(WFK), and is in front of the Honorable Judge William F. Kuntz, II. The Petitioner in this action is also the Petitioner in the District Court action.

### PETITIONER

The Petitioner in this action is Michael Daragjati ("Daragjati"). Daragjati is proceeding in this action and in the Lower Court without the aid of Counsel. Daragjati has a mailing address of:

        Michael Daragjati
        79644-053
        Federal Satellite Low Elkton
        P.O. Box 10
        Lisbon, Ohio 44432

### RESPONDENT

The Respondent in both this action and in the District Court Proceeding is the United States of America. The interests of the United States are represented by the Office of the United States Attorney in and for the Eastern District of New York. Based upon Daragjati's informed belief, the case has been assiged to Assistant United States Attorney Paul Tuchman. Mr. Tuchman has a mailing address of:

        Paul Tuchman, Esq.
        Assistant United States Attorney
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, New York 11201

ii

# TABLE OF CONTENTS

Corporate Disclosure Form..........................................i

Certificate of Interested Parties................................ii

Table of Contents...............................................iii

Table of Points and Authorities..................................iv

Relief Sought.....................................................1

Issues Presented for Review.......................................2

Statement of the Case.............................................3

Statement of Facts................................................5

Summary of the Argument..........................................10

Legal Argument...................................................11

   I.     Writ of Mandamus Standard................................11

   II.    Judge Kuntz Abused his Discretion when he Refused to
        Consider Daragjati's Recusal Motion......................12

   III.   Judge Kuntz's Actions Show That he is Unable to Act
        with Impartiality........................................15

   IV.    Judge Kuntz's Refusal to Hold an Evidentiary Hearing is
        Sufficient Evidence of his Bias..........................16

   V.     The Interests of Justice Weigh Heavily in Favor of the
        Issuance of the Writ.....................................19

Conclusion.......................................................20

Certificate of Compliance........................................22

Certificate of Service...........................................23

# TABLE OF POINTS AND AUTHORITIES

## CASES

Michael Daragjati v. United States of America, No. 13-CV-3751(WFK)...ii, 1

United States v. Daragjati, No. 1:11-cr-00838-WFK-1..............3

Scott v. United States, U.S. Dist. LEXIS 23783 (S.D. NY. 2013)...3

Aladino v. United States, U.S. Dist. LEXIS 131353
     (E.D. NY December 8, 2011)..................................3

Camposano v. United States, 442 F. 3d 770 (2d Cir. 2006).........6

United States v. Vaughn, 430 F. 3d 518 (2d Cir. 2005)............7

Heckler v. Ringer, 466 U.S. 602 (1984)..........................11

Escolar v. United States Citizenship & Immigration Service,
     582 F. 3d 288 (2d Cir. 2009)...............................11

Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,
     360 U.S. 1 (1983)..........................................11

In re: Drexel Burnham Lambert, Inc., 861 F. 2d 1307 (2d Cir. 1998)....11, 16

Lucasio v. United States, 472 F. 3d 493 (2d Cir. 2007)..........11

Iciobel v. Millson, 592 F. 3d 78 (2d Cir. 2010).................11-12

Sims v. Blot, 534 F. 3d 117 (2d Cir. 2008)......................11-12

Diamondstone v. Maculoso, 148 F. 3d 113 (2d Cir. 1998)..........12

Liljeberg v. Health Services Acquisition Corp, 486 U.S. 847 (1988)...12

In re: Certain Underwriter, 294 F. 3d 297 (2d Cir. 2002)........13

United States v. Amico, 486 F. 3d 764 (2d Cir. 2007)............15

Apple v. Jewish Hospital and Medical Center, 829 F. 2d 326
     (2d Cir. 1987).............................................15-16

Chang v. United States, 250 F. 3d 79 (2d Cir. 2001)............17

Puglisi v. United States, 586 F. 3d 770 (2d Cir. 2006)........17

Armienti v. United States, 234 F. 3d 820 (2d Cir. 2000)........17

Haouari v. United States, 510 F. 3d 350 (2d Cir. 2007)........17

United States v. Amello, 814 F. 2d 109 (2d Cir. 2007)..........17

Gomez v. United States, U.S. Dist. LEXIS 43475 (E.D. NY.
     March 26, 2013)............................................18

Valentine v. United States, 488 F. 3d 325 (6th Cir. 2007).......18

Munoz v. United States, U.S. Dist. LEXIS 57326 (E.D. NY. 2012)...19

Matthews v. United States, 682 F. 3d 180 (2d Cir. 2012).........19

Slack v. McDaniel, 529 U.S. 473 (2000).........................19

Miller-El v. Cockrell, 537 U.S. 322 (2003).....................19

## TABLE OF POINTS AND AUTHORITIES (cont'd)

### STATUTES

28 U.S.C. §2255.................................................passim
28 U.S.C. §1331.....................................................3
28 U.S.C. §2253(c)(1)(B)........................................4, 19
28 U.S.C. §1361....................................................11
28 U.S.C. §455(e)..................................................12
28 U.S.C. §455.................................................12-13
28 U.S.C. §455(a)..................................................15
28 U.S.C. §455(b)(1)...............................................15
28 U.S.C. §1746....................................................23

### RULES

Rule 4(b) of the Rules Governing 28 U.S.C. §2255 Proceedings.....16-17
Rule 11 of the Rules Governing 28 U.S.C. §2255 Proceedings.......19
Fed. R. App. P. 32(a)(7)(B)........................................22
Fed. R. App. P. 32(a)(7)(B)(iii)...................................22
Fed. R. App. P. 32(a)(5)...........................................22
Fed. R. App. P. 32(a)(6)...........................................22

## RELIEF SOUGHT

The Petitioner, Michael Daragjati ("Daragjati"), seeks the issuance of a writ on mandamus from this Court, directing this Court to order the Honorable William F. Kuntz, II, to recuse himself from the proceedings involving Daragjati, pending in front of him, styled Michael Daragjati v. United States of America, and bearing a case number of: 13-CV-3751(WFK).

In the alternative, if this Court is not persuaded that there are sufficient enough facts present to merit an order of removal, Daragjati respectfully requests that this Court issue a writ of mandamus directing Judge Kuntz to hold an evidentiary hearing regarding the factual basis for the disqualification issues raised herein.

1

## ISSUES PRESENTED FOR REVIEW

The following issues are presented in this Petition for the issuance of a writ of mandamus:

1.  DID JUDGE KUNTZ ABUSE HIS DISCRETION WHEN HE REFUSED TO CONSIDER DARAGJATI'S RECUSAL MOTION?

    **ANSWER IN THE AFFIRMATIVE.**

2.  DO JUDGE KUNTZ'S ACTIONS SHOW THAT HE IS UNABLE TO ACT WITH IMPARTIALITY?

    **ANSWER IN THE AFFIRMATIVE.**

3.  IS JUDGE KUNTZ'S REFUSAL TO HOLD AN EVIDENTIARY HEARING SUFFICIENT ENOUGH EVIDENCE OF BIAS?

    **ANSWER IN THE AFFIRMATIVE.**

4.  DO THE INTERESTS OF JUSTICE WEIGH IN FAVOR OF THE PETITION BEING GRANTED?

    **ANSWER IN THE AFFIRMATIVE.**

## STATEMENT OF THE CASE

On or about July 1, 2013, Daragjati filed a motion and memorandum in support, seeking to have his previously-imposed custodial term of incarceration set aside[2]. Daragjati filed his motion pursuant to the statutory authority found in 28 U.S.C. §2255 ("§2255")[3] and invoked the jurisdiction of the Court pursuant to 28 U.S.C. §1331[22] When Daragjati filed his §2255 Motion, he also filed a motion requesting that Judge Kuntz recuse himself from the proceeding. See: Recusal Motion, Appendix "2".

Following the filing of the collateral attack motion, the Dsitrict Court, after conducting the preliminary review as required by Rule 4 of the Rules Governing §2255 Proceedings, ordered, on July 12, 2013, the United States to show cause as to why the motion should not be granted. See: DE 3[23] Thereafter, the Court, on July 25, 2013, entered an order finding that, because Daragjati alleged that his attorneys had failed to act in the manner the Constitution mandates they should have, he "waived any and all attorney-client provileges between himself and those attorneys."[32] See: DE 6.

---

[2] - As is confirmed by a review of Daragjati's District Court filings, he did not, in his collateral attack motion, challenge guilt or seek to, in totality, invalidate the negotiated plea agreement.

[3] - Daragjati's underlying criminal conviction bore a case number of 1:11-cr-00838-WFK-1, and was styled United States v. Daragjati. Judge William F. Kuntz, II, of the United States District Court in and for the Eastern District of New York presided over the proceedings. Daragjati would respectfully request that this Honorable Court take Judicial notice of this proceeding. In the interest of clarity, the proceeding is referred to herein as "criminal proceeding".

[22] -See: Scott v. United States, U.S. Dist. LEXIS 23783 (S.D. NY 2013) (explaining that because a §2255 Motion involves a Constitutional question, the Sentencing Court retains jurisdiction to hear the motion). See: Memorandum in Support of §2255 Motion, Appendix "1".

[23] -DE shall mean and refer to Docket Entry. The number following the abbreviation shall refer to the number assigned the referenced document by the District Court's Electronic Case Management System.

[32] -Though not necessarily an issue relevant to this proceeding, the Court's broad attorney-client waiver seems to be in direct contrast with opinions of other benches of this Circuit. See, e.g.: Aladino v. United States, U.S. Dist. LEXIS 141353 (E.D. NY December 8, 2011) ("Aladino has implicitly waived the attorney-client privilege with respect to communications impacted by his claims").

In response to the Court's Show Cause order, the United States, on October 11, 2013, filed their response, wherein they conceded that, because one or more Constitutional errors occurred, Daragjati should either be resentenced de novo, or alternatively, the Court should enter a new ministerial judgment so that the appellate review from this Court could be sought. See: United States Response, Appendix "3" (without attachments). Thereafter, Daragjati forwarded his Reply to the United States' Response, wherein he explained the rationale for his belief that a resentencing de novo was the more Constitutionally-appropriate result. See: Reply, Appendix "4".

On December 9, 2013, Judge Kuntz, without appointing Counsel for Daragjati, and without conducting a hearing of any kind, denied Daragjati's §2255 Motion "in its entirety". See: Judge Kuntz Opinion, Appendix "5". In his Opinion, Judge Kuntz did not address whether or not he believed a Certificate of Appealability should be issued. See: Id.

Daragjati, to toll the relevant statute of limitations, filed, prior to filing this petition for mandamus, a Notice of Appeal with the District Court, and a Motion to Stay. Though Daragjati has filed a Notice of Appeal, the Lower Court retains jurisdiction over this matter, because the District Court has not yet taken a position as to whether or not a Certificate of Appealability should issue²

---

² - Rule 11 of the Rules Governing §2255 Proceedings provides, in pertinent part, that:
"The District Court must issue a Certificate of Appealability when it enters a final judgment order that is adverse to the applicant."
In addition, 28 U.S.C. §2253(c)(1)(B) provides:
A "final order in a section 2255 proceeding is not appealable unless the District Court issues a Certificate of Appealability."

## STATEMENT OF FACTS

In his collateral attack motion, Daragjati alleged that his imposed custodial term of incarceration was vulnerable to attack, because his retained attorneys, Mr. Eric Franz ("Franz"), and Mr. Ronald Rischetti ("Fischetti"), failed, during the plea bargaining and sentencing phases of the criminal proceeding, to render the effective assistance of Counsel that the Supreme Court says the Sixth Amendment to the Constitution guarantees that he receive. In particular, Daragjati alleged that Franz and Fischetti were Constitutionally deficient when they:

> (1) Failed to ask Judge Kuntz to recuse himself prior to sentencing, based upon his past involvement with the New York City Civilian Complaint Review Board ("CCRB"), and him sua sponte requesting, prior to sentencing, Daragjati's unsubstantiated and non-public CCRB file.

> (2) Failed to object at sentencing to Judge Kuntz's mis-informed statements and ill-informed conclusions that, simply because the City of New York opted, without consulting Daragjati, to settle certain civilian complaints, it somehow proved that Daragjati had a pattern of engaging in civil rights violations.

> (3) Failed to object at sentencing to Judge Kuntz's sua sponte request for, and the inclusion of, the other-wise confidential CCRB panel investigation.

---

[2] - In the interest of judicial economy, Daragjati incorporates as if fully restated herein his Memorandum in Support of his §2255 Motion. The Memorandum fully discusses the events and occurrences that led to the filing of his collateral attack motion.

[3] - The Sixth Amendment to the Constitution provides that:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."

[22] - As is discussed in greater detail in Daragjati's Memorandum in Support, though the CCRB panel might have found that, on occasion, Daragjati acted inappropriately, his supervisors with the New York City Police Department ("NYPD") did not feel that his actions warranted any disciplinary action. See: Memorandum in Support, Appendix "1".

(4) Failed to object at sentencing to Judge Kuntz's inappropriate comparison between Daragjati's admitted criminal actions and the actions of fictional characters portrayed by actors in major motion pictures, and telling Daragjati that: "Today is not simply your training day, today is also your earthly judgment day."

(5) Failed, after sentencing, to file a Notice of Appeal after being expressly advised by Daragjati to do so. In support of this claim, Daragjati provided declarations from several of his family members that had spoken to Franz and Fischetti with respect to Daragjati's desire to appeal. See: Memorandum in Support, Appendix "1".

Because Daragjati, in his §2255 Motion, averred that his attorneys were ineffective, in large part, for failing to object to Judge Kuntz's actions, he filed, with his collateral attack motion, a motion seeking Judge Kuntz's recusal from the proceeding. In his recusal motion, Daragjati suggested that the recusal was appropriate because:

> "In order to fully explain why Counsel was ineffective for failing to ask for Judge Kuntz's recusal, Daragjati, by necessity, had to, in his §2255 filing, point to instances in the record where Judge Kuntz's impartiality could reasonably be questioned. As a result, if this requested recusal were not granted, it would put Daragjati in the impossible position of presenting his argument to the person he avers Counsel was ineffective for failing to ask for recusal. Put differently, neither Judge Kuntz nor any other person in his position could be expected to objectively weigh the merits of an argument that is ultimately rooted in a claim of Judicial partiality, and Darajgati should not be put in a position to assume he can." See: Recusal Motion, Appendix "2".

In their Show Cause response, the United States, relying on Controlling precedent established by this Court, determined that Daragjati should receive a resentencing de novo, because:

(1) "The Government did not ensure that the plea colloquy made an inquiry into Petitioner's understanding of the appellate waiver in the plea agreement. [Thus] this waiver cannot bar Petitioner from appealing his sentence."[2]

---

[2] – As Daragjati discussed in his Memorandum in Support, even if the waiver was enforceable, the fact nevertheless remains that Circuit precedent mandates that Counsel acts ineffectively when he fails to file a Notice of Appeal after being instructed to do so, as the Constitution guarantees a criminal defendant appellate review. See: Reply, Appendix "4" (discussing: Camposano v. United States, 442 F. 3d 770-71 (2d Cir. 2006) (holding that, even if an appeal lacks merit, a lawyer may not disregard a client's expressed desire to appeal)).

(2) "There is currently no record, other than the affidavits and declarations submitted by Counsel and the Petitioner, concerning three areas where Counsel was allegedly ineffective in its sentencing advocacy.... The affidavits and declarations that have been submitted by Petitioner and Counsel appear to conflict in a number of ways regarding these issues. If the Court were simply to re-enter an identical judgment which Petitioner could appeal, the Court of Appeals would not have a fully-developed record on these issues, as it prefers to have when resolving claims of ineffective assistance of Counsel."

(3) "As there was not evidence before the Court establishing the truthfulness of the allegations in those CCRB's and civil lawsuits, the Government recommends that the Court hold a resentencing proceeding."[2]

(4) "Petitioner argues that he was prejudiced by sentencing Counsel's asserted failure to investigate the underlying facts relating to the CCRB complaints against him.... By sentencing Petitioner de novo without reference to the CCRB complaints, the Court would obviate this argument. Alternatively, if the Court chooses to rely on the CCRB complaints in imposing sentence, a de novo resentencing would enable the parties to develop the record on this question, which the Second Circuit would otherwise likely require before ruling on the issue."

See: United States Response to Show Cause, Appendix "3".

In his reply, Daragjati asserted that a resentencing de novo was the most appropriate Constitutional course, because it would best serve the ends of Justice, if for no other reason, than it would serve to create an adequate record on appeal, and thus save needless prosecutorial and Judicial resources when the matter came before this Court for review. See: Reply, Appendix "4".

Though Daragjati filed a 40+ page Memorandum in Support and asserted complex claims of ineffective assistance of Counsel that were not only not contradicted by the record, were also, at least in part, agreed-with by the United States, Judge Kuntz issued,

---

[2] - In making this recommendation, the United States relied upon Circuit precedent that explains that the Court cannot rely at sentencing on matters that have not been proven by a preponderance of the evidence. See: United States v. Vaughn, 430 F. 3d 518, 525 (2d Cir. 2005).

without holding a hearing of any kind, or even mentioning the
United States' candid concessions, a two and one-half page opinion
and order, denying Daragjati's petition in totality. In reaching
his decision to deny Daragjati's §2255 Motion, Judge Kuntz stated:

> "This Judge did not participate in the investigation of
> any CCRB complaint involving the Petitioner, nor did
> this Judge vote on any complaint against the Petitioner.
> Accordingly, no recusal was necessary or required, and
> any recusal motion by Petitioner's Counsel would have
> been denied.... Petitioner further alleges his Counsel
> were ineffective because they informed him that he can
> not appeal the Court's sentence.... This argument flies
> directly in the face of the Petitioner's assertion to this
> Court at the guilty plea hearing.... The Government
> also explicitly noted during the guilty plea hearing ...
> that the plea agreement contained an appellate waiver....
> Petitioner's Counsel ... are two of the most distinguished,
> experienced, and ethical Counsel in New York. This Court
> observed their representation of Petitioner, which was
> consistently excellent and effective. Petitioner's
> claims for ineffective assistance of Counsel are without
> foundation. See: Judge Kuntz Opinion, Appendix "5"?

Curiously, Judge Kuntz, who sat on the CCRB panel for a
number of years, and by his own admission, "served as Commissioner
[where he supervised] hundreds of investigations into allegations
of abuse by members of the New York City Police Department"?
offered absolutely no statement, much less evidence, as to how
he came to recall that he never investigated Daragjati while
performing his supervisory duties over his "hundreds of cases".
Judge Kuntz also did not address Daragjati's argument relating
to the contentious relationship between the CCRB panel and the
NYPD, a contentious relationship caused, in part, by the CCRB's
belief that the NYPD was ignoring its suggestions that officers

---

[2] - See: www.fed-soc.org/publications/author/william-kuntz (last visited June 5, 2013).

[3] - Prior to denying Daragjati's §2255 Motion, Judge Kuntz did not rule on the recusal motion.

be punished for various offenses[2]. Finally, and perhaps most telling, Judge Kuntz flatly ignored the argument, which was embraced by the United States, that Counsel was ineffective for failing to object to the Court's reliance on the non-public CCRB complaints when it fashioned Daragjati's custodial term of incarceration[3].

---

[2] - As included in Daragjati's Memorandum in Support, in late 2007, the then-chairman of the CCRB issued the panel's semi-annual report, wherein she stated that:
"We continue to see, however, a discrepancy between our disciplinary recommendations on cases and their actual outcome at the Police Department. As this report shows, the rate at which the Department has chosen not to discipline officers whom the CCRB found committed misconduct is at an all-time high."
See: Exhibit "C" to Memorandum in Support, Appendix "1".

[3] - The Court also failed to discuss Daragjati's argument that Counsel errored in failing to file a Notice of Appeal after being instructed to do so.

## SUMMARY OF THE ARGUMENT

Though Daragjati acknowledges that the issuance of a common law writ of mandamus is not done lightly, he nevertheless respectfully submits that Judge Kuntz's actions in the Lower Court proceedings rise to such a level as to merit this Court ordering his removal from the case, if for no other reason than to assure the proper administration of Justice.

Without this Court issuing an order directing Judge Kuntz to recuse himself, Daragjati will likely be denied many of the Constitutional guarantees and protections that every other criminal Defendant receives. Thus, Justice so demands that this Honorable Court issue a writ of mandamus directed to Judge Kuntz, ordering his recusal from further matters related to Daragjati's §2255 Motion.

## LEGAL ARGUMENT

### I.   WRIT OF MANDAMUS STANDARD

The purpose of the common law writ of mandamus, which is codified in 28 U.S.C. §1361, is to provide a remedy for a moving party to seek relief from a Court of competent jurisdiction, when a Judicial and/or other Court officer owes "him a clear non-discretionary duty." See: Heckler v. Ringer, 466 U.S. 602, 616 (1984). To merit the issuance of a writ of mandamus, the Petitioner must show a "clear and indisputable right to its issuance." See: Escolar v. United States Citizenship & Immigration Service, 582 F. 3d 288, 292 (2d Cir. 2009); See Also: Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 360 U.S. 1, 18 (1983) ("It is well-settled that the exceptional remedy of mandamus will only be invoked when the Petitioner has demonstrated that its right to such relief is clear and indisputable").

This Circuit has said that, when presented with a writ of mandamus seeking a Judicial officer's recusal, that the Court must "consider both the standard for issuance of the writ and the standard for review of the recusal motion itself." See: In re: Drexel Burnham Lambert, Inc., 861 F. 2d 1307, 1312 (2d Cir. 1998). To this end, it is well-settled that the standard for reviewing a Lower Court Judge's refusal to recuse himself from a proceeding is the abuse of discretion standard. See: Lucasio v. United States, 472 F. 3d 493, 495 (2d Cir. 2007).

In the context of a refusal to grant a recusal motion, the Lower Court commits an abuse of discretion when it bases its decision not to recuse itself on an "erroneous view of the law

11

or a clearly erroneous assessment of the evidence or renders a decision that cannot be located with the range of permissible decisions." See: <u>Iciobel v. Millson</u>, 592 F. 3d 78, 91 (2d Cir. 2010) (quoting: <u>Sims v. Blot</u>, 534 F. 3d 117, 132 (2d Cir. 2008). Put differently, this Court, in determining whether or not a Lower Court abused its discretion in failing to rule on a recusal motion, must decide whether an "objective, disinterested observer fully informed of the underlying facts, entertains significant doubt that Justice would be done absent recusal." See: <u>Diamondstone v. Maculoso</u>, 148 F. 3d 113, 121 (2d Cir. 1998).

It is against the above legal framework that Daragjati's writ of mandamus must be decided.

## II.  JUDGE KUNTZ ABUSED HIS DISCRETION WHEN HE REFUSED TO CONSIDER DARAGJATI'S RECUSAL MOTION

28 U.S.C. §455 is the controlling recusal statute and mandates that "any justice, judge or magistrate of the United States shall disqualify himself in any proceeding which his impartiality might reasonably be questioned." See: 28 U.S.C. §455(e). The Supreme Court has long explained that the purpose of the recusal statute and the requirements imposed on Courts thereby is to "promote confidence in the judiciary by <u>avoiding even the appearance of impropriety</u>." See: <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 865 (1988) (emphasis added). In step with the Supreme Court's holding in <u>Liljeberg</u>, this Circuit has explained that 28 U.S.C. §455 requires that:

> "A Judge considering recusal must balance the need for
> public confidence in the judiciary against the possi-
> bility that those questioning this impartiality might
> be seeking to avoid the adverse consequences of him
> presiding over their case."

See: In re: Certain Underwriter, 294 F. 3d 297, 302 (2d Cir. 2002).

When Judge Kuntz was presented with Daragjati's §2255 Motion
and Memorandum in Support, it contained numerous arguments that,
as discussed supra, complained that as a result of Franz and
Fischetti failing to object to the Court's actions at sentencing,
his sentence was vulnerable to collateral attack. These arguments
include the Court accepting as fact, non-public matters that
it not only sua sponte requested and gathered, but matters that
the United States concedes were not proven by a preponderance of
the evidence, as is required by Circuit authority.[2] Respectfully,
Judge Kuntz sought out and accepted these allegations as fact
because of his past involvement with the CCRB panel and the long-
documented tension that exists between the CCRB panel and the
NYPD. Put simply, as but for Judge Kuntz's past involvement with
the CCRB panel, Daragjati's unsubstantiated complaints would have
never likely played a role in fashioning his term of incarceration,
because, as the United States has pointed out, they had no interest
in bringing them before the Court at sentencing, because, at the
end of the day, the complaints were nothing more than unproven
allegations.

---

[2] - As is discussed in Daragjati's Memorandum in Support, the Court also unjustly relied, during
the imposition of Daragjati's custodial term of incarceration, upon several settled civil
lawsuits that the City of New York settled without consultation with Daragjati. The United
States, in their Response, conceded that these lawsuits were settled by the City to avoid
the cost of litigation, and contained a "no admission of liability" clause. See: Memorandum
in Support, Appendix "1"; See Also: Response, Appendix "3".

In addition to its reliance upon the unproven CCRB complaints, the Court also made statements at sentencing that squarely call its impartiality into question, including comparing Daragajti to the actor in "Carlito's Way" and to Denzel Washington's character in the major motion picture "Training Day", and thereafter telling Daragjati and all those in attendance in the Courtroom that:

> "Today is not simply your training day, today is also your earthly judgment day."

See: Memorandum in Support, Appendix "1" (quoting: Sentencing Transcript, 53:5-20).

Because Judge Kuntz flatly refused to consider the recusal motion, it put Daragjati in the impossible position of complaining about the person that was charged with deciding the merits of his Constitutional complaints. Surely, a reasonable observer can see the issue with this, as it is not as if Daragjati's complained-of Constitutional errors were trivial or meritless. Respectfully, because of Judge Kuntz's refusal to consider recusal, Daragjati never had a chance of receiving a favorable decision in his §2255 Motion. Put simply, as the old saying goes, "the fix was in" from the beginning, and this unfortunate fact does nothing to protect the integrity of our Judicial system, a system that is predicated upon fundamental fairness. It is conceded that some may be inclined to dismiss Daragjati's argument relating to Judge Kuntz's partiality as the ramblings of a scorned Defendant. However, they cannot dismiss the fact that the United States Attorney - the party responsible for prosecuting offenders charged with violations of Federal law - said that Daragjati was entitled to at least some of the relief he sought, and Judge Kuntz, without holding a hearing

14

of any kind, or even mentioning its position, denied the Constitutional claims in flippant fashion, without even the most scant of justification.

If the Court's actions do not rise to the level of an abuse of discretion, it is respectfully offered that nothing would. Thus, Justice so demands that a writ of mandamus be issued, ordering Judge Kuntz's recusal from further proceedings.

## III. JUDGE KUNTZ'S ACTIONS SHOW THAT HE IS UNABLE TO ACT WITH IMPARTIALITY

This Court, when considering whether or not to order a Judicial officer's recusal, must look exclusively to the appearance of impropriety and ensure the "public's confidence in the impartiality of the judiciary." See: United States v. Amico, 486 F. 3d 764, 775 (2d Cir. 2007). With that said, it is respectfully submitted that any reasonable observer would, and frankly, given his actions in both the criminal proceeding and in the §2255 proceeding, should, call Judge Kuntz's impartiality into question, and thus the issuance of a writ of mandamus ordering his removal from Daragjati's §2255 proceeding is appropriate under both 28 U.S.C. §455(a) and §455(b)(1).

In addition to the unambiguous guarantees of 28 U.S.C. §455(a), §455(b)(1) provides, in pertinent part, that a Judge's recusal is also necessary when the judge has "a personal bias or prejudice concerning a party or parties knowledge of disputed evidentiary facts concerning the proceeding." See: 28 U.S.C. §455(b)(1). To determine whether recusal is warranted under §455(b)(1), the reviewing Court must look to "extrajudicial conduct [and] ... not

conduct which arises in a judicial context." See: <u>Apple v. Jewish</u>
<u>Hospital and Medical Center</u>, 829 F. 2d 326, 333 (2d Cir. 1987);
See Also: <u>In re: Drexel</u>, <u>supra</u>, 1314 ("A determination of bias
must be based on extrajudicial conduct, not conduct arising in a
trial setting").

Judge Kuntz's actions show his partiality; he requested and
relied upon Daragjati's CCRB file that contained unproven alle-
gations, allegations that are not even available to the public,
and when the United States conceded the error, Judge Kuntz, rather
than taking the steps necessary to correct it, simply denied
Daragjati's §2255 Motion without even so much as a mention of his
inappropriate reliance on the unproven allegations. This blatant
refusal to correct his error has denied Daragjati the fundamental
fairness that the Constitutional says he and every other criminal
Defendant are entitled. Judge Kuntz's actions show that he came
into Daragjati's criminal and collateral attack proceedings with
a bias, a bias framed by his years on the CCRB panel, and thus,
if this writ of mandamus is not issued, it sends a dangerous
message to society, that a Judge's bias, whether actual or per-
ceived, can be the sole reason why a criminal Defendant does not
receive the relief that even his accuser says he is entitled to
receive.

## IV. JUDGE KUNTZ'S REFUSAL TO HOLD AN EVIDENTIARY HEARING IS SUFFICIENT EVIDENCE OF HIS BIAS

Rule 4(b) of the Rules Governing 28 U.S.C. §2255 Proceedings
provides that:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the Court shall ... grant a prompt hearing to determine the issues and make findings of fact and conclusion of law with respect thereto."

See: Chang v. United States, 250 F. 3d 79, 85 (2d Cir. 2001) (quoting: Rule 4(b) of the Rules Governinng 28 U.S.C. §2255 Proceedings).

This Circuit, in interpreting Rule 4(b), has said that all a Petitioner must establish before he earns the entitlement to an evidentiary hearing on a collateral attack claim relating to the ineffective assistance of Counsel is "that he has a plausible claim of ineffective assistance of Counsel and not that he will necessarily succeed on the claim." See: Puglisi v. United States, 586 F. 3d 770, 776 (2d Cir. 2006) (quoting in part: Armienti v. United States, 234 F. 3d 820, 823 (2d Cir. 2000)) (emphasis added). Put differently, "in order to warrant an evidentiary hearing ... on a first §2255 Petition, the application must contain assertions of fact that a Petitioner is in a position to establish by competent evidence ... any generalities, conclusory assertions and heresay statements will not suffice." See: Haouari v. United States, 510 F. 3d 350, 354 (2d Cir. 2007); See Also: United States v. Amello, 814 F. 2d 109, 113 (2d Cir. 1997).

While it is true that a District Court may exercise its discretion and find that affidavits and/or declarations submitted by a Petitioner in support of his §2255 filing are not supported by the record as a whole, and/or can find affidavits/declarations filed by the respondent to be more persuasive than those filed by a Petitioner, it cannot ignore concessions made by the United

---

[2] - See, e.g.: Chang v. United States, 250 F. 3d 79, 85 (2d Cir. 2001) (Court may determine that affidavits offered show that claims of ineffective assistance of Counsel lack merit and thus no evidentiary hearing is warranted).

States with respect to the claims made by the Petitioner. In the case at bar, the United States conceded, after reviewing the record, that Daragjati did not receive the effective assistance of Counsel that the Constitution says he was entitled to receive during a critical phase of his criminal proceeding, and as a result of this, they advocated for Daragjati to receive a full resentencing. This is a fact that Judge Irizarry, of the Eastern District of New York, says is a fact more persuasive than all other facts. See: Gomez v. United States, U.S. Dist. LEXIS 43475 (E.D. NY. March 26, 2013). However, for reasons that are not at all clear, this "persuasive" fact was lost on Judge Kuntz, as he determined that, even with the United States' concessions and advocacy, that Daragjati's claims of ineffective assistance of Counsel did not meet, it the words of the Sixth Circuit, the "relatively low threshold" (See: Valentine v. United States, 488 F. 3d 325 (6th Cir. 2007)) required to merit an evidentiary hearing.

The only possible reason for Judge Kuntz refusing to give Daragjati's §2255 Motion the same consideration as he would every other litigant, is that he came into the proceeding with a bias. Put candidly, what other possible reason could there be for the Court to deny Daragjati's §2255 Motion without even so much as a hearing, after the United States said that he was entitled to relief?

## V.   THE INTERESTS OF JUSTICE WEIGH HEAVILY IN FAVOR OF THE ISSUANCE OF THE WRIT

Though Judge Kuntz has denied Daragjati's §2255 Motion, he has not, as of the filing of this Petition, issued an opinion as to whether or not a Certificate of Appealability should issue. Thus, the District Court retains jurisdiction over Daragajti's collateral attack proceeding[2]. See: Munoz v. United States, U.S. Dist. LEXIS 57326 (E.D. NY. 2012) (explaining that 28 U.S.C. §2253(c)(1)(B) mandates that a "final order in a section 2255 proceeding is not appealable unless the District Court issues a Certificate of Appealability"); See Also: Matthews v. United States, 682 F. 3d 180, 185 (2d Cir. 2012) (discussing Rule 11 of the Rules Governing 28 U.S.C. §2255 Proceedings)[3].

If this Court were to deny Daragjati's Petition, and permit Judge Kuntz to make a determination as to whether or not to grant a Certificate of Appealability, there is little chance, given the Lower Court's previous actions, that, even though "jurists of reason"[22] could find the claims debatable, it would grant a Certificate of Appealability, and thus further deny Daragjati the Judicial relief that even the United States says he should receive.

In sum, Justice demands that Judge Kuntz be recused so that the just and proper administration of Justice is not hindered.

---

[2] - As is discussed in the Statement of the Case Section of this Petition, Daragjati, simultaneously filed with this Petition, a Notice of Appeal and a Motion to Stay with the District Court. Because a Certificate of Appealability is a prerequisite to seeking appellate review in a §2255 Proceeding, the filing of the Notice of Appeal does nto divest the District Court of jurisdiction. The Notice of Appeal was, rather, filed as a precaution to toll the filing deadline. The Application for Stay requests that the District Court withold a ruling one a Certificate of Appealability pending resolution of this Petition.

[3] - Rule 11 of the Rules Governing 28 U.S.C. §2255 Proceedings provides that: "The District Court must issue a Certificate of Appealability when it enters a Judicial Order adverse to the Appellant. Before entering the final order, the Court may direct the parties to submit arguments on whether a Certificate should issue."

[22] - In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court explained that a Certificate of Appealability should issue if: "Reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented were adequate enough to deserve encouragement to proceed further." In a subsequent holding, the Supreme Court explained that: "A claim can be debatable even though every jurist of reason might agree after the Certificate of Appealability has been granted and the case has received full consideration that the Petitioner will not prevail. See: Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

## CONCLUSION

Daragjati understands and accepts that his offense of con-
viction makes him a somewhat unsympathetic Defendant; however, as
this Court knows, the Constitution does not carve out exceptions
for unsympathetic Defendants. Rather, the great promise of America
is that all criminal Defendants be treated fairly and equally,
and with the dignity that the Constitution commands. At the end
of the day, Daragjati is in prison and lost the right to work in
his profession, because he did not ensure that two private citi-
zens receive these protections. However, who is to be held ac-
countable for him not receiving the protections of the Constitution?
He brought serious Constitutional errors before the Court, as
Congress said he should, and the Court flatly ignored him, even
though the United States said he was wronged. Unfortunately, the
only possible explanation for the District Court ignoring Darag-
jati's attempts for assistance was because of bias, a bias that
Justice demands that this Court find rises to such a level as to
merit the grant of a writ of mandamus to order Judge Kuntz's
recusal, or the grant of any other relief that this Court deems
to be just and equitable.

**WHEREFORE,** for the reasons stated herein, and as supported by the record and appendices filed herewith, the integrity of our Judicial system commands that this Honorable Court grant Daragjati's petition for mandamus, and in doing so, order that Judge Kuntz recuse himself from all further proceedings related to the adjudication of his collateral attack motion. Alternatively, Daragjati prays that this Honorable Court issue a writ of mandamus directing Judge Kuntz to hold an evidentiary hearing on the issues meriting recusal raised herein, or grant any and all other relief that it deems to be just and equitable.

Respectfully Submitted,

Michael Daragjati
79644-053
Federal Satellite Low Elkton
P.O. Box 10
Lisbon, Ohio 44432

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION,

TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS


1.   This brief complies with the type-volume limitations of Fed.
     R. App. P. 32(a)(7)(B) because:

     [X] this brief contains  4,500  words, excluding the parts of
     the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii); or

     [ ] this brief uses a monospaced typeface and contains [state
     number of] lines of text, excluding the parts of the brief
     exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed.
     R. App. P. 32(a)(5) and the type style requirements of Fed.
     R. App. P. 32(a)(6) because:

     [ ] this brief has been prepared in a proportionally-spaced
     typeface using [state name and version of word processing
     program] in [state font size and name of type style]; or

     [X] this brief has been prepared in a monospaced typeface
     using a Nakajima AE-710 Typewriter with 10 Characters/Inch
     Prestige Pica type.



                              Michael Daragjati


22

### CERTIFICATE OF SERVICE AND DECLARATION
### IN COMPLIANCE WITH 28 U.S.C. §1746

**KNOW ALL MEN BY THESE PRESENTS:**

I, Michael Daragjati, do hereby declare under penalty of perjury that on the 30th day of December, 2013, I sent via the established legal mail protocol at the Federal Correctional Institution where I am housed, the original and the appropriate number of true and correct copies of the foregoing petition to the persons listed below:

Hon. William F. Kuntz, II
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

United States District Court Clerk
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Paul Tuchman, Esq.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**ORIGINAL TO:**
Clerk, United States Court of Appeals
for the Second Circuit
40 Centre Street, 18th Floor
New York, New York 10007-1501

**WITNESS MY HAND THIS** 30th **DAY OF DECEMBER, 2013.**

_____          _____
Witness                                Michael Daragjati

23